**FILED**

July 13, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
                                          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE MANUEL CAPETILLO CORTEZ, | § § § § | |
| Petitioner, | § § | NO. SA-26-CV-3963-OLG |
| v. | § § | |
| FACILITY WARDEN, Karnes County Immigration Processing Center, *et al.*, | § § § | |
| Respondents. | § § | |

## DISMISSAL ORDER

Before the Court is the second Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Jose Manuel Capetillo Cortez. (Dkt. No. 1.) Upon review, the Court finds that the Petition should be and hereby is **DISMISSED WITHOUT PREJUDICE** without service on Respondents.

The Court previously ordered that Petitioner be given a bond hearing, *see Capetillo Cortez v. Lyons*, No. 26-CV-3076-OLG, Dkt. No. 6 (W.D. Tex. May 26, 2026), and on June 4, 2026, Petitioner received one (Dkt. No. 1 at x, 21). The immigration judge denied bond based on the finding that Petitioner is a flight risk. (*Id.* at 23.) Petitioner filed the instant case on June 24, 2026, asserting that his detention violates due process[1] and seeking immediate release from custody or a new bond hearing. (Dkt. No. 1 at 9–10.)

---

[1]Any other claims under the Administrative Procedure Act (APA) or based on the *Accardi* doctrine (*see* Dkt. No. 1 at 9) are unavailing and hereby **DISMISSED**. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only."); *Chi*, 2026 WL 1062625, at *6 (explaining that an *Accardi* claim "is inapposite in a petition for habeas relief").

Under the INA, the Court lacks jurisdiction to review an immigration judge's denial of bond following the custody redetermination hearing to which those detained under 8 U.S.C. § 1226(a) are entitled. Although Petitioner, as an applicant for admission mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), was not entitled under the INA to such a bond hearing, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States"), the Court determined that Petitioner was still entitled to as much process as those detained under § 1226(a), albeit on due process, rather than statutory, grounds. *Capetillo Cortez*, No. 26-CV-3076-OLG, Dkt. No. 6 at 4–5. It cannot now conclude, however, that an applicant for admission is entitled to even greater process with respect to custody redeterminations than those who are statutorily entitled to such redeterminations.

Although § 1226(e) does not deprive the Court of jurisdiction "to review statutory and constitutional challenges," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)), Petitioner's claim is essentially a challenge to the IJ's weighing of the evidence and factual findings—a challenge the Court may not entertain. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision . . . regarding the detention of any alien or the revocation or denial of bond or parole."); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737–38 (S.D. Tex. 2025); *Shcherbinin*, 2025 WL 3687739, at *2; *see also Leon-Gonzalez v. Anda-Ybarra*, No. 26-CV-26-JKP, Dkt. No. 12 at *3 (W.D. Tex. Feb. 10, 2026); *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025). Because § 1226(e) precludes judicial review of the IJ's evaluation of the evidence with respect to custody redeterminations, the Court may not consider Petitioner's second request for habeas relief.

2

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on July ____, 2026.

ORLANDO L. GARCIA
United States District Judge